UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZENAS ALEXANDER FRUGE | CIVIL ACTION |
| VERSUS | NO. 25-716 |
| APOLLO FREIGHT SYSTEMS INC. AND STEPHEN MOORE | SECTION: "B" (3) |

### ORDER AND REASONS

Plaintiff, Zenas Alexander Fruge ("Fruge"), filed a Motion for Leave to File a First Amended Complaint for Damages.[1] Defendant, Apollo Freight Systems Inc. ("Apollo"), opposes the Motion,[2] and Fruge has replied.[3] Having considered the submissions and arguments of counsel, the record, and the applicable law, the Court grants the Motion for Leave to Amend.

I.  **Background**

This case arises from a motor vehicle accident in which Fruge and Moore were drivers.[4] Fruge filed a state court lawsuit against Moore and Moore's employer, Apollo.[5] Fruge served Apollo, which removed the lawsuit to this Court.[6] While the lawsuit was pending in state court, Fruge unsuccessfully attempted to serve Moore.[7]

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 7.
[4] R. Doc. 1-1.
[5] *Id*.
[6] R. Doc. 1.
[7] R. Docs. 1, 5-1 at 2, 5-2.

1

Fruge now seeks leave to amend his complaint to list Apollo's insurer, Westchester Fire Insurance Company ("Westchester"), as a defendant under the Louisiana direct action statute.[8]

## II. Law and Analysis

No Scheduling Order has been issued, and thus, Rule 15 governs the motion. Rule 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

Factors relevant to the consideration of a motion for leave under Rule 15(a) include "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Denial of leave to amend is reviewed for abuse of

---

[8] R. Doc. 5-1 at 2.

discretion. *Mayeaux*, 376 F.3d at 425. "[A]bsent a 'substantial reason' . . ., 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir.1999)).

To support his proposed claim against Apollo's insurer, Fruge relies on La. Rev. Stat. 22:1269(B)(1)(c). As amended in 2024,[9] that provision permits a direct claim against an insurer when "service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service." Apollo argues that the proposed claim against its insurer is futile and unduly prejudicial because: (1) Fruge's state-court attempt to serve Moore became irrelevant upon removal; and (2) Fruge's unsuccessful attempt to serve Moore does not permit Fruge to bring a direct claim against Apollo's insurer. Fruge disagrees on the merits of these legal arguments.

The Court need not resolve the parties' disagreement at this stage. Allowing leave to amend is the "best exercise of discretion" as it allows a plaintiff's claims to be tested under the Rule 12(b)(6) framework after a chance to plead the plaintiff's best case. *Tesla, Inc. v. Louisiana Auto. Dealers Ass'n*, No. 22-2982, 2023 WL

---

[9] "Until August 1, 2024, the only circumstances necessary for an injured third party to have a direct right of action against an insurer (together with the insured tortfeasor) were an injury to the third party, allegedly caused by the insured, resulting in damages, and a liability insurance policy between the alleged tortfeasor and the insurer." *Baker v. Amazon Logistics, Inc.,* 751 F. Supp. 3d 666, 672 (E.D. La. 2024).

3

9059650, at *7 (E.D. La. Jan. 11, 2023); *Phillips v. Whittington*, No. 17-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018). Thus, while granting the motion may prejudice Apollo and its insurer, that prejudice is not undue under the permissive standard of Rule 15(a). Further, the Court may benefit from a record that includes the position of Apollo's insurer on Fruge's novel argument.[10] Thus, amendment will conserve "both judicial and party resources" and allow a "ruling on [a] motion to dismiss determine the facial validity of the claim." *Tesla, Inc.*, 2023 WL 9059650, at *7. The Rule 15 factors support amendment.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Fruge's Motion for Leave to File a First Amended Complaint for Damages (R. Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Fruge's proposed pleading (R. Doc. 5-5) shall be entered into the record.

New Orleans, Louisiana, this 16th day of July, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] That position is likely in alignment with Apollo's, but the Rule 15 factors weigh in favor of allowing the issue to be decided under Rule 12(b)(6).