UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZENAS FRUGE | CIVIL ACTION |
| VERSUS | NO. 25-716 |
| WESTCHESTER FIRE INSURANCE COMPANY, APOLLO FREIGHT SYSTEMS INC. AND STEPHEN MOORE | SECTION "B" (3) |

## ORDER AND REASONS

On October 24, 2025, plaintiff was ordered to file into the record return of service of process on defendant Stephen Moore by November 7, 2025. Rec. Doc. 21. A review of the record indicates that no service of the complaint has been made upon defendant Moore.

On October 31, 2025, plaintiff responded to the order, seeking a 90-day extension of the Federal Rule of Civil Procedure 4(m) period to serve Moore. Rec. Doc. 23. Plaintiff argues that he has made a good faith effort to serve Moore and that good cause exists to grant a 90-day extension to serve Moore. *Id*. at 4.

Federal Rule of Civil Procedure 4(m) states that where "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the "plaintiff shows good case for the failure," in which case the court "shall extend time for service for an appropriate period." Fed. R. Civ. P. 4(m). The plaintiff carries the burden to show good cause. *Prytania Media LLC v. NetEase, Inc*., No. 25-0464, 2025 WL 2624357, at *4 (E.D. La. Sept. 11, 2025). To establish good cause, a plaintiff must show some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified." *Ganpat v. Eastern Pacific Shipping, PTE LTD*., 434 F. Supp. 3d 441, 462 (E.D La.

2020). When a plaintiff attempts to serve a defendant several times at their last known address within the original 90-day period, a court may find "good cause" to extend the 90-day period in Rule 4(m). *See Wyland v. New Orleans City*, No. 08-4288, 2009 WL 3378656, at *1 (E.D. La. Oct. 15, 2009).

Good cause minimally exists to extend the deadline to serve defendant Moore. Plaintiff states that he tried to serve the original petition on Moore the day after it was filed but that Moore did not accept the service papers. Rec. Doc. 23 at 5. Plaintiff also states that he has mailed Moore and reached out to the counsel for defendant Apollo Freight Sytems ("Apollo") seeking information about Moore but has not received any response. *Id*. Plaintiff also alleges that he hired a process server who attempted to locate Moore at his last known address on nine (9) separate occasions but was unable to find him. *Id*. Plaintiff finally adds that he obtained a stipulation from Apollo's counsel that they will answer discovery which should provide information that will help Plaintiff find Moore to serve him. *Id*. at 5–6. Based on the above,

**IT IS ORDERED** that plaintiff's request for an extension of the Rule 4(m) period is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 19, 2026**, plaintiff shall file into the record the return of service of process that has been affected on defendant Moore. Failure to do so will result in the **DISMISSAL** of defendant Moore without further notice.

New Orleans, Louisiana this 11th day of December 2025

SENIOR UNITED STATES DISTRICT JUDGE