UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZENUS A. FRUGE                                          CIVIL ACTION

VERSUS                                                  NO. 25-716

APOLLO FREIGHT SYSTEMS INC                              SECTION "B" (3)
AND STEPHEN MOORE

## ORDER AND REASONS

Before the Court are Defendant ACE Property and Casualty Insurance Company's ("ACE") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss (Rec. Doc. 16), Plaintiff Zenas Fruge's memorandum in opposition (Rec. Doc. 18), and ACE's reply memorandum (Rec. Doc. 19). Accordingly,

**IT IS HEREBY ORDERED** that Defendant ACE's motion to dismiss (Rec. Doc. 16) be **DENIED**.

## FACTUAL BACKGROUND

This is a 28 U.S.C. § 1332 diversity jurisdiction action arose out of a motor vehicle accident between Fruge and Moore. *See generally* Rec. Doc. 1-1. The complaint was initially filed on February 19, 2025, in the 24th Judicial District Court for the Parish of Jefferson, by Fruge naming Stephen Moore and Apollo Freight Systems, Inc. as defendants. *See* Rec. Doc. 1-1. Plaintiff's personal injury suit alleges that on April 2, 2024, Fruge was traveling eastbound when a Peterbilt tractor-trailer, driven by Moore, collided with his vehicle causing him to lose control and collide with an adjacent metal guardrail and cement retainer wall. Rec. Doc. 9 at 2¶5.

On April 11, 2025, Defendant Apollo Freight Systems Inc. removed this matter to federal court. Rec. Doc. 1. On June 27, 2025, Fruge file a motion for leave to file first amended complaint for damages. Rec. Doc. 5. Magistrate Judge Dossier granted that motion (Rec. Doc. 8), despite

opposition to the amendment by Apollo Freight Systems, Inc. Rec. Doc. 6. On July 17, 2025, the First Amended Complaint ("Amended Complaint") was filed naming Stephen Moore, Apollo Freight Systems, Inc. and Westchester Fire Insurance Company as defendants indebted, jointly and *in solido*, unto Fruge for the damages, injuries, and losses sustained. Rec. Doc. 9 at 1-2¶¶3,4.

On August 29, 2025, ACE moved to dismiss the claims. Rec. Doc. 16. In its motion, ACE states that it voluntarily appears for the sole purpose of asserting the instant Rule 12(b)(6) motion following the erroneously named defendant, Westchester Fire Insurance Company identified in the Amended Complaint by Plaintiff. Rec. Doc. 16-3 at 1. The movant claims that Fruge has failed to state a claim against it based on the Louisiana Legislature's amendment to the Louisiana Direct Action Statute which came into effect on August 1, 2024. *See* Rec. Doc. 16. Plaintiff Fruge has opposed ACE's motion (Rec. Doc. 13), to which ACE has replied. (Rec. Doc. 15).

## LAW AND ANALYSIS

### A. Motion to Dismiss Standard

When deciding whether a plaintiff has met the burden of showing facial plausibility for a claim, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge [] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726

F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). The Court may take judicial notice of public records while conducting a 12(b)(6) analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No. 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017). Otherwise, if "matters outside of the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

B. **Jurisdiction and Application of Louisiana Substantive Law**

The plaintiff is pursuing a claim rooted in state law between parties with diverse citizenship. "It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460,

465 (1965); *Iberiabank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 344 (5th Cir. 2020)). Thus, Louisiana substantive law applies.

### C. <u>Louisiana Direct Action Statute</u>

Defendant ACE moves to dismiss this matter due to a recent amendment to Louisiana's Direct Action Statute La. R.S. §22:1269, which limits a plaintiff's right to bring a direct action against an insurer to seven specific circumstances. ACE argues that the plaintiff's alleged claims against ACE are futile and unduly prejudicial because: (1) Fruge's state-court attempt to serve Moore became irrelevant upon removal; and (2) Fruge's unsuccessful attempt to serve Defendant Moore has no bearing on ACE, as its insured, Apollo is actively litigating this litigation. *See* Rec. Docs. 16 and 19.

> Effective on August 1, 2024, Louisiana's amended Direct Action Statute states:
>
> The insured person or, if deceased, the persons identified in Civil Code Articles 2115.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
> a) The insured files for bankruptcy in a court of competent jurisdiction or when proceeding to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> b) The insured is insolvent.
> c) **Service of citation or other process has been attempted without success <u>or</u> the insured defendant refuses to answer or otherwise defend the action within one hundred and eighty days of service.**
> d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
> e) When the insurer is an uninsured motorist carrier.
> f) The insured is deceased.
> g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

LA. STAT. ANN. §22:1269 (2025) (emphasis added). Further, §22:1269(B)(4)(a) through (c) also provides:

> a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants.

- b) A court shall not disclose the existence of insurance coverage to the jury or mention such coverage in the jury's presence unless required by Code of Evidence Article 411.
- c) A court may dismiss the action against any insured or other defendant if the action cannot proceed due to any of the circumstances in Paragraph (2) of this Subsection.[1]

LA. STAT. ANN. §22:1269(B)(4)(a), (b), and (c) (2025).

Ostensibly, the Louisiana Legislature's intent in their amendment of La. R.S. §22:1269 is to no longer allow the insurer to be named as a party to the litigation or in the final judgment, unless certain post-trial procedures are followed, and the insurer has no defenses against coverage. *Riley v. Acadian Co.*, 25-308, p. 3 (La. App. 5 Cir 9/3/25) (citing LA. STAT. ANN. §22:1269(D) and (E) (2025)). Nonetheless, this August 1, 2024 amendment by the Louisiana Legislature still maintains direct actions against insurers when extenuating circumstances exist. *See Landry v. Great Am. Ins. Co.*, No. 6:24-CV-00039, 2025 WL 2205155, at *2 (W.D. La. July 17, 2025), *report and recommendation adopted*, No. 6:24-CV-00039, 2025 WL 2201381 (W.D. La. Aug. 1, 2025). Fruge is asserting that due to his unsuccessful attempts to serve Moore, he has a direct action against ACE, pursuant to §22:1269(B)(1)(c). To determine whether Plaintiff's assertion is correct, the following dates are pertinent:

- April 2, 2024—Date of Accident;
- August 1, 2024—effective date of amendment to the Louisiana Direct Action Statute;
- February 19, 2025—Filing of State Court Petition for Damages against Stephen Moore and Apollo Freight Systems, Inc.;

---

[1] Paragraph 2 of Subsection B states: "[t]his right of action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract is such provisions are not in violation of the laws of this state. LA. STAT. ANN. § 22:1269(B)(2) (2025).

- February 20, 2025—plaintiff requested service on Stephen Moore and Apollo and they were issued;
- April 11, 2025—Apollo files Notice of Removal with no service effected on Moore;
- July 16, 2025—Magistrate Judge Dossier grants Fruge's motion for leave to file Amended Complaint.

*See* Rec. Docs. 1, 5, and 8. Per the filings and the record, plaintiff has established pertinent service attempts were made on Defendant Moore before and possibly after removal occurred.[2]

28 U.S.C. § 1448 governs service of process after removal. *Johnson v. City of Gulport, Mississippi*, No. CV:1:24-cv-106-HSO-BWR, 2025 WL 818282, at *3 (S.D. Miss. Mar. 14, 2025).[3] 28 U.S.C. § 1448 provides: "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. 28 U.S.C. §1448 (2025). If ACE's claim—unperfected state court service becomes irrelevant upon removal—is true, then why does the governing law include a provision allowing completion of such service? It is more probable that the governing law dictates, and "jurisprudence has made clear," that while the federal rules apply after

---

[2] On February 20, 2025, counsel for Fruge, Jacques Mestayer requested service on Stephen Moore and it was issued. Rec. Doc. 1-1 at 16. Per the Plaintiff, this "attempt[ed] service through state court means (long arm)" was made upon Moore's last known address on March 13, 2025, but failed as the papers were returned as undeliverable, before removal occurred. Rec. Doc. 18 at 5 fn 17; Rec. Doc. 18 at 6. Additionally, in terms of his efforts to serve Moore following removal of this matter to federal court, Plaintiff avers he mailed waiver paperwork to Moore, but he has yet to receive a response. Rec. Doc. 18 at 6 fn 24. Fruge's eight (8) failed attempts to serve Moore with the First Amended Complaint via summons and by private process server have no bearing on the instant motion. These attempts are after the Amended Complaint was filed, and for reasons stated *infra,* are insufficient to assert the Direct Action Statute's exception. *Id.*

[3] The Court notes that the Fifth Circuit has explicitly acknowledged and declined to rule on the split of authority within this Circuit on this question. *See Carr v. City of Spring Valley Vill.*, No. 19-20373, 2022 WL 1553539, at *2 (5th Cir. May 17, 2022).

removal, they "neither add to nor abrogate what has been done in the state court **prior to removal**." *River Healthcare, Inc. v. Baylor Miraca Genetics Lab'ys,* LLC, No. CV 22-135-JWD-SDJ, 2023 WL 2542332, at *7 (M.D. La. Mar. 16, 2023) (citing *Rushe v. NMTC, Inc.*, No. 01-3440, 2002 WL 575706, at *3 (E.D. La. Apr. 16, 2002) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (quotation omitted))); *see also Johnson*, U.S. Dist. LEXIS 46831 at *9. This Court should take this matter as it finds it on removal treating everything that occurred in state court as if it had occurred here. ACE's motion to dismiss—premised on Fruge's pre-removal service of citation efforts and his alleged failure to adhere to the Federal Rules of Civil Procedure, is unpersuasive.

The movant's argument weakens even further if the Court finds that Fruge did mail a waiver of service to Moore before the Amended Complaint was filed. Rec. Doc. 18 at 6 fn 24. "A waiver of service of process operates as a substitute for formal service of process, allowing the plaintiff to avoid the unnecessary costs of formal service while ensuring that the defendant obtains notice of the suit." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937-38 (5th Cir. 1999) (citing 1 MOORE's FEDERAL PRACTICE §4.10 (3d ed.)). Per Rule 4(d), "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." FED. R. CIV. P. 4(d)(1). Plaintiff states that he "mailed waiver paperwork to Moore after Apollo removed." Rec. Doc. 18 at 6 fn 24. Nonetheless, Plaintiff fails to include evidence showing the waiver was mailed prior to the filing of the Amended Complaint. *See* Rec. Doc. 18. While ACE has not rebutted Plaintiff's claim, the timing of the waiver is unknown and cannot conclusively support a determination. *See* Rec. Doc. 19 at 3.

ACE's next argument—Fruge's unsuccessful attempt to serve Defendant Moore has no bearing on ACE, as he is not their named insured, and Apollo, their named insured, is actively litigating this matter—is also unpersuasive. *See* Rec. Docs. 16 and 19. The Plaintiff is correct, at no point does §22:1269(B) limit the insurer's liability to "named insured[s]." Rec. Doc. 18 at 7; La. Stat. Ann. §22:1269(B) (2025). The statute states, "[t]he Legislature finds that the purpose of all liability policies is to provide protection and coverage to all insureds, **whether the insured is a named insured or an additional insured under the omnibus clause**, all legal liability that the insured may have within the terms and limits of the policy." La. Stat. Ann. §22:1269(F) (2025). Here, ACE acknowledges that Moore is "afforded coverage under the policy by virtue of his relationship with Apollo." Rec. Doc. 16-3 at 11. In consideration of ACE's statement and accepting all well-pleaded facts as true and in the light most favorable to the plaintiff, ACE is bound to indemnify both Apollo, the named insured, and Moore, the individual accused of causing the accident.

The amendment to the Direct Action Statute occurred only thirteen (13) months ago, therefore, jurisprudence is limited regarding application of exceptions when an insurer has two insured parties, with only one served and participating in the litigation. Nonetheless, §22:1269 contains no caveat suggesting that when one insured defendant receives effective service, answers, or defends the action within 180 days of service, it relieves the insurer of liability for the other defendant. *See* La. Stat. Ann. §22:1269 (2025). To assume it does would be reading beyond the plain language of the statute by expanding its scope. Accordingly, Fruge has asserted sufficient facts to support a plausible claim, entitling him to pursue a direction action against ACE.

ACE is reminded that despite this ruling, it will retain the safeguards enacted in La. R.S. §22:1269(B)(4)(a) through (c). Furthermore, had this motion been granted, the

dismissal would have been without prejudice to allow for operation of LA. STAT. ANN. §22:1269(D)(1)(a), which reads, "In those instances where direct action is not otherwise authorized by law, at the time that a judgment is to be entered, or a settlement is reached during the pendency of litigation, a liability insurer may be joined on motion of any party as a party defendant for the purposes of entering final judgment or enforcing the settlement." LA. STAT. ANN. §22:1269(D)(1)(a).

    New Orleans, Louisiana this 7th day of January 2026

                                                       SENIOR UNITED STATES DISTRICT JUDGE